The case for argument is Khan v. United States. Mr. Meyer. May it please the Court. Gerald Meyer for Plaintiff Appellant Dianne Khan. The statute of limitations does not bar Ms. Khan's FTCA claim because she made a timely claim to the Marshals Service within two years of her injuries, and she timely filed this suit within six months of the agency's final denial of her claim. This case concerns three separate limitations periods. Ms. Khan has satisfied all of them. First, the government seems to concede that Ms. Khan has satisfied the six-month limitation period contained in Section 2401B. Turning to the two-year limitation period of 2401B, Ms. Khan first made her claim to the Marshals Service within two years of her injuries in a letter. That's in compliance with the statute. Ms. Khan attached two letters from the Marshals Service responding to her letters to her district court complaint demonstrating her initial timely claim. That alone should have been enough to survive the government's motion to dismiss in the district court. Instead, Ms. Khan's complaint was dismissed without consideration of those letters. The district court's decision should be reversed. With respect to the contents of Ms. Khan's claim, her letters to the agency, DOJ regulations do impose additional requirements on FTCA plaintiffs beyond complying with that two-year limitation period. Based on those regulations, this court in Kanar held that a claim is presented when four requirements are met. First is notification of the incident. Second is demand for a sum certain. And the next two have to do with the legal capacity of the person signing the letter. Ms. Khan was acting on her own behalf, so those are not relevant to this case. Ms. Khan also notified the agency of the incident in detail. One of those requirements that's actually at issue here is whether or not she made a demand for a sum certain. And she did not. We supplemented the record with Ms. Khan's original letter, which the court has now seen, and it does not demand a sum certain. It doesn't demand any sum at all. It's not a monetary demand on its face. That's correct. It's just an incident report. Essentially, she's complaining about this incident, but she's not making any demand of a monetary nature, so it's not an administrative claim in the usual sense. She's not making a monetary demand, but she is presenting enough facts to put the agency on notice of a tort claim. And so this court in Kanar, the same court where it established those four elements, the court was very clear that the plaintiff need not comply with every minutia of those requirements so long as there's no harm done. The court provided, as an example, a previous case, Bukala, in which the FTCA plaintiff failed to present her claim to the proper agency. And the court found that that was a harmless error and allowed the claim to proceed. Right, but the point of a notice of claim requirement in any jurisdiction, we're here in the federal jurisdiction, is to allow the government to compromise the claim in advance of litigation. And without notice that the individual is actually making a claim for money damages, the agency isn't on notice. So I don't know how a letter like this, which doesn't make any demand for money at all, or have any other indicia of a monetary claim could be satisfactory to exhaust. It just isn't in the nature of an administrative claim for monetary relief. A lot of people file complaints without asking for money or seeking money. They're annoyed, you know, some government mishap, so they complain. But how would the government know that it was facing a claim? Well, I think she's asking for millions of dollars now, isn't she? Yes, Your Honor. Well, how did they know they had to prepare for anything of that magnitude? I don't know that there's anything that would allow them to guess at the amount of her claim. But the letter does, I think, lay out in some detail some torts. And it does provide the elements of... Well, did the government conduct an investigation of the marshal's conduct? I'm sorry, I didn't quite hear your question. Did the government conduct an investigation of the marshal's behavior toward Khan? I'm not certain whether it did or not. It says that it did. It says it did? It says it did. And what was its conclusion? We're not aware of the conclusion. The government did not disclose it. And Judge Sykes, returning to your question, I think the letter provides notice. It doesn't provide notice of claim in the sense that that term means in this context. Notice of claim statutes exist to protect the public fisc. And unless there's something in the communication that suggests that the individual is making a demand for money, then it's not a notice of claim as used in this statute. It's just a complaint about a government agent acting badly. Even if that were the case, and I do think that there's enough details in the letter to show that there's a tort claim that's at least possible that could be brought against the government. When you look at the content of the marshal's services letters in response to Ms. Khan, you see a number of comments that would lead Ms. Khan to believe that she had in fact done more and prevented her from perfecting her claim. And so there are two comments in particular that I'd like to point out. The first, and this is the marshal's letters, the marshal's services first letter, page A60. It refers to Ms. Khan's letter as a complaint regarding allegations of misconduct. And it assures her that it will take it very seriously. It could be taken one of a number of ways. Ms. Khan responds to the agency in a letter that is not in the record. But she responded to the agency requesting additional process, inquiring into her claim. And the marshal's service responded and assured her that she had provided it all the information that it needed. Now, judicial estoppel applies in this context. There's no question. It's very well established that judicial estoppel applies in administrative proceedings. The term administrative proceeding is very broad. It includes the agency's sending of letters as found by the Northern District of Illinois and Sologistics when it concluded that an IRS's sending of letters was an administrative proceeding. And the Federal Circuit has made a similar conclusion. What are you trying to estop? I would estop the agency's comment that Ms. Khan had provided all the information it needed. Maybe it was an internal discipline. They just corrected, say, don't do that again or taught a little more training. Taking seriously doesn't mean that they're getting out their wallet. It means that they're trying to make whatever happened, if it happened, not to happen again. That's true. But when it affirmatively states that Ms. Khan had provided all of the information that the agency needed, it's making an affirmative statement that would preclude her from perfecting her claim within the limitation period. Well, there were two things that they would, all they needed to know. It'd be real handy to have a woman along on that kind of a, if they're going to have to watch you go to the bathroom, and maybe putting on a seat belt that when somebody's trying to put on somebody else's seat belt and she's struggling, she's going to bump into her and it's not very good. So don't do that again. But I guess $4 million isn't exactly on the plate when they're reacting to her letter. Well, it would depend on the results of the agency's investigation, which we don't have. Ms. Khan's complaint certainly alleges that there was some intent involved in the groping that resulted from the, when the agent was trying to buckle in her seat belt. But going back to the estoppel point, when the agency affirmatively states that Ms. Khan provided all the information it needed, it puts her in a position that she can't perfect her claim. She's relying on the government's representation that she has essentially provided it complete information. Yeah, but that begs the question about whether this letter is a claim, which gets back to my point about it not being in the form that one would ordinarily expect for a notice of claim for damages. Well, the only thing that's really missing is the demand for an actual amount of money. Right, and that's pretty key in this context. This is a context where form really matters, right? So that the government really knows that there's a suit for damages contemplated and needs to investigate not just an incident report or a complaint, but a possible claim for public funds. Yes, the form matters, but given that Ms. Khan did lay out very detailed facts, I think that the agency was on notice of potential claims against it. And the agency in its first letter did respond to Ms. Khan and affirmatively stated that it viewed her letter as a complaint. Right, but if we accept your argument, then any incident report or complaint about, you know, a police officer or a law enforcement officer, not a police officer, we're in the federal context here, a law enforcement officer or any other government agent behaving badly, that that constitutes a notice of claim. That would be an extraordinary reading of the statute. I agree with you that that would be an extraordinary reading of the statute, but that is not what I am asking you to do in this case. Yeah, you are. You're saying it doesn't matter that there wasn't a demand for money. This counts so that any other communication, complaining about some government bad actor is a notice of claim under the statute, even without a demand for money. Only if the lack of a demand for money is harmless. And in this case, I believe it was because Ms. Khan laid out sufficient factual detail in her letter to lay out torts that are facially apparent. Thank you. Okay, thank you, Mr. Meyer. Mr. Pollack. Good morning, your honors. May it please the court and counsel, my name is Brian Pollack. I'm the assistant United States attorney. I will first assure the court that these events happened in 2006, that since then the Marshals Service do have some female deputies. A letter of complaint does not a 2675 complaint or claim make. What we have as this court I think is recognized is a letter of complaint. It is not a FTCA claim. They are not equal to each other. One of the few things we agree on in this case, the plaintiff has called the letter in question a letter of complaint and then switched and used the word claim in their brief. As noted, 28 CFR 14.2A requires four factors. Two are important here. And I think we've already established that one hasn't been met, which is the sum of certain. Arguably, exhibit A contained in the reply brief, two-page letter, although it may refer to some bad action as the court has noted, I would suggest to the court that there is not any indication in there that an injury occurred, which is also required by 28 CFR 14.2. The Marshals Service did not treat this. Well, couldn't an injury be an embarrassment? It could. And is the Marshals Service supposed to guess at that? There's no indication, for example, in this letter that she had to go to a doctor or that she was in counseling for PTSD at this point. There's nothing in there that's clear on its face that there was an injury. So when this came to the Marshals Service, it's pretty clear that they treated it as a complaint of malfeasance, misconduct on behalf of their Marshals Service. And in fact, it was investigated as such. And it's very clear that in the two letters that came back, they called it a complaint. They did not call it a claim for monetary damages. Now, this court is not bound, nor was the district court bound, to look into the intent of Kahn when she submitted this letter to the Marshals Service. But it's pretty clear in her own mind, I think, from all the documents that she submitted, she did not consider this to be a claim, a tort claim, against the government. I referenced in my brief a letter that her physician sent to Senator Russ Feingold in 2009 when she was complaining to anyone who would listen about the Marshals Service, and even those who wouldn't. In that letter to Senator Feingold, her physician, Dr. Wall, states, she did ask the U.S. Department of Justice to investigate the U.S. Marshals' action, but was told that due to privacy issues, she was not entitled to know the outcome of the investigation. Ms. Kahn believes she is being treated very unjustly. It is my medical opinion that the lack of a more detailed explanation from the U.S. Department of Justice is not allowing my patient to bring any closure to this incident and is worsening her anxiety. As you notice, there is no mention of a claim or monetary damages or a pending lawsuit. It is her complaint about what she perceived to be the misconduct on the Marshals Service. In fact, the court asked about investigation. That letter obviously went to Senator Feingold. Senator Feingold forwarded his communication on to the liaison for the Marshals Service. The letter came back saying, we investigated it, and the Department of Justice investigated it, and we can't tell the outcome, but we know it happened, because they dealt, as this court has inferred, as a personality. I think what we have here is a great deal of effort and finagling on behalf of the plaintiff to somehow fit this square letter of complaint into the round hole of a tort claim, and they haven't succeeded in doing that. The two theories that they struggle with to insinuate that somehow this letter should qualify is that the government somehow suggested and led her astray by giving her a straightforward answer to her letter of complaint. Plaintiff cites Kinnar, and Kinnar, the court said, that every jot and tittle does not have to be met when someone files a tort claim. Two prime components here, the some certain as well as injury, were not met. Those are not jot and tittle, and those cannot be excused. The whole purpose of a tort claim is to allow the government the opportunity to settle prior to clogging the courts with litigation. That opportunity was not presented to the government in this particular case, and these arguments do not avail the plaintiff looking back as somehow shoehorning that letter of complaint and turning it into a tort claim. Well, your solution, which may be more attractive, is to take this out on statute of limitations. Yes, that was the motion in district court, was simply one that the plaintiff in this case has not met the requirements of 2401B. Well, because otherwise you get into a lot of zigzag about notices and when something else ripens or something new comes up or something. Various other things go into it. It would be more complicated than strictly statute of limitations. Right, that's the only motion we filed in the district court, and it was really quite clear because this incident happened in 2006. She didn't submit her formal claim until 2013. It really defeats the entire purpose of trying to get litigation into court promptly. The government, as well as every litigant, should be free from a stale prosecution. An example in this case is the plaintiff did not file the actual letter. The government secured it after we wrote our brief in this particular case, and it was difficult to find it because, from the marshal's perspective, this case was done back in 2006 or 2007 when Ms. Kahn was convicted in the criminal case. If there's no further questions. Okay, thank you very much. Thank you, Your Honor. Mr. Meyer, do you have anything further? Thank you, Your Honor. I would like to address one thing. Opposing counsel suggested that there was no injury. What's actually required by 14.2 is notification of an incident, and the letter certainly accomplishes that and actually accomplishes more. It lays out facts that support facially apparent tort claims against the government. Well, there is a statute of limitations issue here. Maybe you could say why that doesn't apply. Sure. Well, the statute of limitations, it applies. It's just that it was met. Much later than the incident. Well, it was met within two years by Ms. Kahn's letter, and even though the letter didn't include that demand for a some certain, it did put the agency on notice, and that is the requirement. So the court in Kanar, and I'll excuse myself and back up a minute. The court in Kanar held that the purpose of the some certain requirement is to allow the government to initiate its settlement process. The court in Kanar also held that if an FTCA plaintiff somehow fails to comply with one of these requirements, that that's not fatal to her claim so long as it doesn't harm that process. So Ms. Kahn's letter, because of its detail and its facially apparent tort claims, did not scotch that process, did not prevent the government from initiating its settlement process, or at least inquiring into more information. Your position is that the letter met the statute of limitations? You have to file a complaint within the statute. Well, statutorily it is complete. Under the regulations it is missing the demand for a some certain. No, I'm talking about the statute of limitations argument. You have to file your complaint within six years. Well, yes. And the complaint was not filed within six years of the incident. Well, this court and Old Ben Cole and the Supreme Court in Crown Coat held that that six-year limitation period runs from the date of the agency's final denial. So in this case that is met because she filed her claim really within a matter of months after receiving the agency's final denial. After she filed a proper Form 95? Yes. Okay. So, and that happened later in 2012, right? Yes, she followed up with the government and filed an SF-50 later, I believe it was 2013. Okay. Thank you, Mr. Meier and Ms. Paul.